**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BOBBY JOE KNIGHT,
        *Petitioner-Appellant,*

v.

PAM AHLIN, Executive
Director,
        *Respondent-Appellee.*

No. 10-56211

D.C. No.
2:10-cv-00039-
CAS-RZ

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted
February 14, 2013—Pasadena, California

Filed March 13, 2013

Before: Alfred T. Goodwin, Andrew J. Kleinfeld, and
Barry G. Silverman, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Habeas Corpus

The panel reversed the district court's denial of a 28 U.S.C. § 2241 habeas corpus petition by a California state prisoner challenging his detention pending a civil commitment proceeding under the Sexually Violent Predators Act (SVPA). Knight was convicted of rape and sentenced to 20 years. Before his expected release in 2004, the state filed a SVPA petition and the superior court ordered that petitioner Knight remain in custody while awaiting trial. After challenging his detention in state court, Knight filed his federal petition, which the district court denied under the *Younger* abstention doctrine. The panel held that *Younger* does not apply because the proceedings are not "ongoing." The panel remanded with instructions that the district court grant a conditional writ requiring that Knight be tried within 90 days or released and the SVPA petition dismissed.

### COUNSEL

Matthew B. Larsen, Deputy Federal Public Defender, Los Angeles, California, for Petitioner-Appellant.

Patrick D. Moran and Shirley S. N. Sun, Deputy District Attorneys, Los Angeles, California, for Respondent-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Bobby Joe Knight is a convicted rapist who served twenty years in California state prison. Knight's confinement pursuant to his prison sentence was expected to end in 2004, but just before his release, the state filed a civil petition against him under California's Sexually Violent Predator Act ("SVPA"), CAL. WELF. & INST. CODE §§ 6600 *et seq.*[1] Knight waived his right to a probable cause hearing, and the Los Angeles County Superior Court ordered him to remain in custody "in a secure facility" while awaiting trial. *Id.* § 6602.

The state's petition has never been tried. Between 2004 and 2009, Knight's counsel repeatedly requested or stipulated to numerous continuances, while Knight personally made repeated requests for new counsel. For its part, the government either acquiesced or agreed to the continuances. No effort was made to push the case to trial.

In April 2009, Knight filed a *pro se habeas corpus* petition in the Superior Court, claiming that his exceedingly

---

[1] According to the SVPA, the state may civilly detain a prior sex offender and indefinitely commit him to state hospitals, if at trial the state proves "beyond a reasonable doubt" that he is likely to "engage in sexually violent criminal behavior" due to a mental disorder. *See* CAL. WELF. & INST. CODE §§ 6602, 6604; 6600(a)(1). The SVPA outlines the process of commitment by civil petition, *id.* § 6601, and provides that soon after the state files a petition, the Superior Court shall hold a hearing and determine "whether there is probable cause" to believe the respondent "is likely to engage in" sexually violent criminal behavior after his release. *Id.* § 6602. If so, the court "shall order" the respondent remanded to state custody pending trial. *Id.*

lengthy detention violated his constitutional rights. However, the court denied the petition and the California appellate courts agreed. Meanwhile, Knight remained in custody and the SVPA petition made no progress. Knight's counsel and the government agreed to further continuances and came no closer to a trial on the merits.

On December 22, 2009, Knight turned to the federal courts for relief and initiated another *pro se habeas* petition. The district court concluded that the doctrine of *Younger* abstention applied and dismissed Knight's case. We disagree.

## I. *YOUNGER* ABSTENTION

The *Younger* abstention doctrine provides that in certain limited circumstances, federal courts may refuse to hear plaintiffs' constitutional challenges to underlying and ongoing state criminal or civil proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is appropriate only in "carefully defined" circumstances, and "remains an extraordinary and narrow exception to the general rule" that federal courts must not decline to exercise their jurisdiction. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 359 (1989); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011).

The *Younger* abstention doctrine generally provides that when: (1) the underlying "hearings at issue constitute an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; (3) "there [is] an adequate opportunity in the state proceedings" for the federal plaintiff "to raise constitutional challenges"; and (4) the

federal action would "enjoin" the state proceedings "or have the practical effect of doing so," federal courts should abstain. *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (en banc); *Potrero*, 657 F.3d at 882 (internal quotation marks omitted).

## II. APPLICATION

We review the district court's application of *Younger* abstention *de novo*, *Gilbertson*, 381 F.3d at 982 n.19, and reverse.

*Younger* abstention fundamentally requires an *ongoing* state proceeding. *See Gilbertson*, 381 F.3d at 973. But Knight's SVPA petition proceedings were not "ongoing," except in name only, when he filed his federal *habeas* petition. *See id.* at 969 n.4 ("critical date" for deciding whether *Younger* abstention applies is "the date the federal action is filed"); *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). Moreover, the state court has postponed consideration of the case pending a decision in the federal court. Because the proceedings are not "ongoing," *Younger* abstention does not apply. *See Walnut Props., Inc. v. City of Whittier*, 861 F.2d 1102, 1107 (9th Cir. 1988). In *Walnut Properties, Inc.*, we held that where the state court proceedings had been stayed "pending resolution of the federal proceedings," there "were no truly 'ongoing' proceedings which would justify abstention." *Id.* We held that *Younger* "concerns are not present where a state court has stayed its own proceedings pending resolution of the case in a federal forum." *Id.*

**III. CONCLUSION**

The district court's abstention and denial of the writ were inappropriate.  At oral argument, the state's counsel indicated that a trial on the commitment petition could be completed within 90 days, and that the state would not oppose an order granting an alternative writ of *habeas corpus*.

We therefore reverse, remand, and instruct the district court to grant a conditional writ of *habeas corpus*.  The writ shall require that Knight be tried within 90 days or be released and the SVPA petition dismissed.  The writ shall also emphasize that no further continuances of the SVPA petition proceedings should be granted except for compelling and extraordinary cause.

**REVERSED AND REMANDED with instructions.**